## E. E. Cammack v. Mrs. Jennie Rogers.

·Decided February 11, 1903.

**1.—Assignment of Error.**

An assignment of error should embrace but one subject, and an assignment alleging error in the giving of two charges on distinct subjects will not be considered, though aided by propositions and statements in the brief presenting the grounds of error separately.

**2.—Executor—Homestead.**

The executrix of an estate to whom a homestead of 200 acres has been allowed but not specifically set apart from the larger tract belonging to the estate, has control of the entire land as executrix till such segregation of the homestead, and can maintain suit concerning it in that capacity.

**3.—Same—Capacity in Which Plaintiff Sues.**

A surviving widow and executrix to whom a homestead has been set apart may unite her claims in representative and in individual capacity in a suit against a tenant thereon.

**4.—Lease—Agreement for Renewal.**

A lease of a farm for one year providing for its continuance for four years at the lessee's option, with the proviso that a new agreement must be made as to certain ground he was permitted to cultivate for his own benefit, does not entitle the tenant to exercise such option for extension of the lease without the new agreement, so provided for, being entered into.

**5.—Assignment of Error—Discretion of Court.**

The Court of Civil Appeals will only in rare instances exercise its discretion to consider errors improperly assigned, as where several independent grounds are covered by one assignment.

**6.—Landlord and Tenant—Implied Covenant.**

Where the landlord is to receive a part of the crop as rent, there is an implied undertaking by the tenant to cultivate in a farmer-like manner.

**7.—Evidence—Crop—Result on Other Farms.**

On the question of proper cultivation of premises, crop results on other neighboring farms are not admissible in evidence, at least in the absence of evidence that conditions were the same.

**8.—Landlord and Tenant—Tools Furnished—Evidence.**

A tenant was not relieved from liability to account to his landlord for tools furnished him by delivering them to the sheriff taking the premises under sequestration,—the writ giving the sheriff authority only to take possession of the real estate.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

Certified questions in this case were answered by the Supreme Court in Cammack v. Rogers, 96 Texas, 457.

*J. B. Scarborough* and *T. A. Blair,* for appellant.

*Prendergast & Sanford,* for appellee.

FISHER, CHIEF JUSTICE.—There is evidence in the record which has a tendency to show that the crop of Johnson grass raised on the premises in controversy was lessened by dry weather, and that the failure of crop was not altogether attributable to a want of proper cultivation by the appellant. This evidence was based upon an averment that the shortage in the crop was attributable to a drought. Under this issue the appellant requested the following instruction: "You are instructed that if you find that defendant used proper diligence as explained herein, in the management and cultivation of said farm, and that the yield therefrom was lessened by dry weather or other natural causes, you will not charge the defendant with such lessened yield."

The refusal of the court to give this charge is assigned as error. We are of the opinion that the charge should have been given. The main charge of the court did not expressly present this question to the jury. For the error in refusing to give this charge, the judgment will have to be reversed and the cause remanded.

We have carefully considered all of the questions raised by the remaining assignments of errors, and are of the opinion that none, except the one discussed, is well taken.

Judgment reversed and cause remanded.

Filed January 7, 1903.

OPINION ON REHEARING.

In the original opinion we reverse because the trial court refused to give appellant's requested instruction to the effect that he would not be responsible for a failure of crop on account of dry weather or other natural causes. This question was raised under appellant's fifth assignment of error, which is as follows: "The court erred in refusing to give special charges numbers 1 and 2, asked by the defendant respecting the effect of dry weather on said crop and the yield therefrom, and as to value of one-half of the ungathered hay crop on the farm at the time plaintiff took possession under the writ of sequestration."

Charge number 1 mentioned in this assignment is the instruction pointed out in the original opinion of this court. Charge number 2 relates to an entirely different subject. The assignment of error as quoted is followed by appropriate propositions and statements presenting and explaining each of the charges as stated in the fifth assignment of error.

Appellee in her brief, as well as in her motion for rehearing, complains of this assignment and objects to its consideration by the court, for the reason that it embraces two separate and distinct matters. In the case of Texas & P. Ry. Co. v. Donovan & Co. 86 Texas, 379, the assignment of error was as follows: "The court erred in refusing special charges numbered from 1 to 4 inclusive asked by the defendant." The Supreme Court held that the assigment of error was too general, and that the Court of Civil Appeals did not err in refusing to consider

it. It does not appear from the opinion of the court that this assignment was followed by appropriate propositions and statements pointing out the questions raised by each one of the charges mentioned in the assignment; but an examination and inspection of the briefs on file with the record in the Supreme Court discloses the fact that there were appropriate propositions and statements under this assignment of error, presenting questions raised by three of the charges mentioned in the assignment of errors. The questions raised by these three charges, and the propositions and statements set out in the brief, related to different subjects.

We regard the case cited as decisive of the question before us; and we construe it to mean that an assignment of error, in order to comply with the rules, should not present and embrace more than one question; or in other words should not relate to more than one subject.

Therefore we are of the opinion that we erred in considering the assignment of error in question.

The motion for rehearing will be granted, the judgment heretofore rendered by this court will be set aside, and the judgment of the trial court affirmed.

Filed February 11, 1903.

### ADDITIONAL OPINION.

Mrs. Rogers, as executrix of the estate of her deceased husband W. N. Rogers, brought this suit against the appellant for the possession of 297 29-100 acres of land, known and described as the Valley View farm; and for damages for failure upon the part of the defendant to perform his rent contract, and for damages to stock, implements, machinery, etc. At the same time she caused to be sued out a writ of sequestration for the lands described, which was only levied upon the lands and not upon any of the other property situated upon the premises. The appellant failing to replevy, the appellee replevied the property levied upon by writ of sequestration.

The appellant filed a plea in abatement, and a motion to quash the affidavit and bond for sequestration on the ground that the plaintiff could not maintain her suit as executrix, but if she had a cause of action, it would be in her individual capacity.

He also filed an original answer, consisting of general and special demurrers and general denial, and a plea in reconvention against the appellee, both as executrix and in her individual capacity for damages for being deprived of the use of the Valley View farm under a rent contract for four years; the value of an uncut hay crop, which was on the premises at the time he was dispossessed, and the value of a feed crop of growing cane on eight acres, and for pasturage collected by plaintiff, which was due him, and for wire bought and used by defendant for plaintiff's benefit, and for damages for suing out the writ of sequestration.

A replication was filed by the plaintiff to the answer of defendant. The defendant by trial amendment reiterated his right to possession of the farm for four years longer, and pleaded certain facts which, it is claimed, entitled him to possession of the premises for that length of time.

The appellee, Mrs. Rogers, by additional pleading in her individual capacity, adopted all of the pleadings which she had filed as executrix.

The court sustained plaintiff's demurrers to so much of the answers of defendant as undertook to plead and set up rights under the rent contract to the premises for a longer period than one year.

The verdict and judgment of the trial court was in plaintiff's favor for the possession of the farm and for $400 damages.

The court in its charge submitted to the jury whether or not the defendant was liable to the plaintiff for certain items of damages sued for, and we find as a fact that there is evidence in the record which authorized the verdict of the jury for the amount of damages found by them; and we find that the defendant was bound and liable under the rent contract for the items of damages covered by the verdict of the jury. We also find that the plaintiff is entitled to the possession of the farm. We find that the rent contract described in the pleadings is as follows:

"Know all men by these presents that the following contract has been made and entered into by and between Mrs. Jennie Rogers of the first part, and E. E. Cammack of the second part. The said Mrs. Jennie Rogers leases and lets to the said E. E. Cammack the Valley View farm, on the Bosqueville road, just northwest of Waco, on the following conditions, to wit:

"First. The said E. E. Cammack is to move on to the place and take complete control of it. He is to keep the orchard worked and is to keep up all fences around the farm. Mrs. Jennie Rogers is to furnish all new material for the purpose of keeping up said fences. He is to cut and bale the Johnson grass on said farm when it is ready to be cut. He is also to market said grass to best advantage and divide the proceeds of such sale equally with Mrs. Jennie Rogers. He is to have the use of the patches around the house for the purpose of raising such crops on them as he may desire, and there is not to be a division of the proceeds from these crops. Both parties to this contract are allowed an equal number of stock to pasture in the Johnson grass on said farm. The said E. E. Cammack is to water and feed all the stock. Said E. E. Cammack is to keep all the farm implements in good repair. Said E. E. Cammack is to have privilege of using all fuel necessary for his use.

"Second. The said Mrs. Jennie Rogers is to furnish all teams and farm implements necessary for harvesting said Johnson grass crop. She is also to furnish all feed necessary for the teams. All farm implements are to be in good working condition when turned over to said E. E. Cammack. If other stock is taken for pasturage, said E. E.

Cammack is to collect for same and turn over one-half of such money collected to Mrs. Jennie Rogers.

"Third. This agreement shall be in effect and continue for the period of one year from date, with the further express stipulation that the said E. E. Cammack shall at his option continue on the same basis as above stipulated for the further period of four years. A new agreement must be made, however, relative to the patch by the orchard at the end of one year. This patch contains about six acres and is across the road from the farm.

"All tools to be under shelter when not in use.

"Signed in duplicate this first day of September, 1900.

"MRS. JENNIE ROGERS,<br>"E. E. CAMMACK."

Appellant's first assignment of error complains of the refusal of the court to sustain his plea in abatement, and also to quash the affidavit and writ of sequestration. This contention is predicated upon the proposition that the plaintiff could not maintain this suit in her capacity as executrix, but the cause of action rested in her as an individual; that the premises in controversy were her homestead, and that the estate she represented as executrix had no interest in the same. The probate court which had jurisdiction of the estate had, by a previous order, set apart 200 acres of the property in controversy as the homestead of Mrs. Rogers; but at the time the suit was brought, the particular 200 acres that she should be entitled to was not set apart and segregated. She was doubtless entitled to 200 acres as her homestead, but until the probate court had set apart to her the specific 200 acres, she had control of the entire tract as the representative of the estate; but, however, if we are mistaken in this view, we are of the opinion that this assignment does not present a reversible error, because she was made a party in her individual capacity by the defendant, and she subsequently made herself a party as an individual, and in that way also sought to recover possession.

Appellant's second assignment of error complains of the ruling of the court in sustaining plaintiff's exception to that portion of his answer wherein he claimed possession of the farm under the lease contract for a longer term of four years. The view of the trial court was that the lease contract was entire; that the purpose was to rent all of the Valley View farm, and that the contract did not operate for a longer term than one year, unless the parties, under subdivision 3 of the contract had agreed that it should continue in effect for four years longer. The defendant in his answer, in pleading his right under this contract, alleged that he had elected, by virtue of subdivision 3 of the contract, to continue in possession of the premises under the contract for the further period of four years; and also, in effect, alleged that the plaintiff had breached this provision of the contract, and denied his right to continue in possession of the farm.

32 Civil—9.

Subdivision 3 of the lease contract is as follows: "This agreement shall be in effect and continue for the period of one year from date with the further express stipulation that the said E. E. Cammack shall at his option continue on the same basis as above stipulated for the further period of four years. A new agreement must be made, however, relative to the patch by the orchard at the end of one year. This patch contains about six acres, and is across the road from the farm."

It with sufficient certainty appears that the patch that contained six acres here mentioned is a part and parcel of the Valley View farm. The evident purpose, as disclosed by the terms of the contract, was to rent the entire Valley View farm. The option to continue for four years longer under the lease contract was predicated upon the stipulation to the effect that a new agreement must be entered into concerning the six-acre patch.

We can not ignore this provision of the contract as being immaterial and of slight effect, for by its terms it is made important, in view of the fact that it is said that a new agreement must be made relative to this patch. The option could only continue and become effective when the agreement concerning this part of the farm was entered into. A covenant to rent the entire premises upon terms that may be agreed upon only becomes effective when such agreement is entered into, and if the part of the premises to which the agreement relates is a part of the whole, and the intention is apparent that by the terms of the contract the purpose was to rent the whole, the lease to become effective must embrace all parts of the premises covered by the contract. There was no error in sustaining the demurrers to this branch of the case.

Appellant's third assignment of error is as follows: "The court erred in overruling special exceptions numbers 1, 2 and 3, made by defendant to plaintiff, said exceptions set out in the record by number, and especially number 3, which challenges said petition so far as it seeks to recover on an implied contract."

An assignment of this character, which appears further on, which presented more than one separate and distinct question, was certified to the Supreme Court in this cause, with the question whether it was sufficient to be considered. The Supreme Court in answering the question, in effect held that the assignment was not in accordance with the rules, but stated that the Court of Civil Appeals could, in its discretion, consider such an assignment of error, if it so desired.

After full consideration of this question this court has concluded that it will, only in rare instances, exercise its discretion to consider assignments of error which are not presented in accordance with the rules of the Supreme Court. This assignment is insufficient for the reason that the three special exceptions mentioned do not all relate to the same subject. Therefore, we decline to consider the assignment, except to state that in a contract for rent, where the landlord is to receive a part of the crop, there is an implied covenant that ordinary care should be exercised by the tenant to cultivate the premises in a farmlike manner.

Our views just expressed dispose of the fourth assignment of error. The fifth assignment is the one certified to the Supreme Court. It presents two separate and distinct questions. We decline to consider it.

There was no error in refusing to admit the evidence of the witnesses Boggess and Cook, as complained of in appellant's sixth assignment of error. The condition of their farms as testified about was not exactly similar to the plaintiff's. It does not appear that she testified or offered to testify that her farm had been cultivated as it was claimed by the plaintiff that Cammack, the defendant, should have cultivated her farm. She did testify as to two reasons which caused the shortage of Johnson grass on her farm; one was the planting of wheat, and the other was dry weather. The witness Scott testified that he did not plow his Johnson grass for the year 1901.

The proposed evidence of the witness Rainey, which the court declined to admit, as complained of in the seventh assignment of error, was hearsay. There was no error in the court's submitting the issue of damages that the plaintiff sustained by reason of the possession by the defendant of the premises from September 1 to September 13, 1901. The defendant was in possession during that time, and the plaintiff contends that she was entitled to possession. There is no error in the charge upon this subject.

The ninth assignment of error is as follows: "The court erred in permitting the witness Faulk to testify as to list of tools and material he found on the place September 12, 1902, because the defendant had vacated the premises on September 1st, and had taken the sheriff's receipt for the personal property delivered by him to the sheriff under the writ. The objection to this testimony is shown in the bill of exceptions." There is no proposition under this assignment. It is doubtful whether it should be considered, but we are of the opinion that no error is shown. If there was a loss of tools, the defendant was liable, and he could not justify on the ground that he had delivered the same to the sheriff, because the sheriff had no right to take possession of that character of property by virtue of the writ. The writ only ran against the real estate, and not against the personal property found on the premises. The testimony of the witness Faulk was important to show that a short time after the defendant claimed that he vacated the premises, the tools which he was responsible for were not found on the place. The fact that he delivered the same to the sheriff, or that the sheriff took possession of the same, would not excuse him from accounting to the plaintiff for their value.

Judgment affirmed, and motion for rehearing overruled.

*Affirmed.*

Filed June 3, 1903.

Writ of error refused.