PARLIN & ORENDORFF COMPANY v. C. C. VAWTER ET AL.

Decided May 24, 1905.

### 1.—Evidence—Homestead—Deposition.

Where in a suit to cancel a deed as in fraud of creditors the homestead rights of the maker were set up by defendant, his grantee, the deposition of such maker of the deed, taken in a suit between him and plaintiff, was not admissible on that issue against the present defendant, who was not a party to that action.

### 2.—Evidence—Homestead—Judgment.

Plaintiffs suing to set aside, as in fraud of their rights as creditors, a deed to defendants of land of a debtor which plaintiffs claimed under attachment, judgment and sale, in a proceeding in which such judgment, as between them and the debtor, settled the homestead rights of the debtor in the land now in litigation adversely to his claim, such judgment, though admissible to show their title from the debtor, was not admissible on the question of his homestead rights, as against the present defendant who was not a party to that suit.

### 3.—Assignment of Error.

An assignment of error raising several independent and distinct matters, or one not supported by a statement, does not require consideration.

### 4.—Fraudulent Conveyance—Homestead—Findings.

A finding establishing absence of fraudulent intent in a conveyance by a debtor rendered immaterial any inconsistency in the findings on the issue as to whether the property was homestead.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*J. M. Willis* and *H. G. Evans,* for appellant.—Certified copies of the judgment, order of sale and all papers filed in connection therewith are admissible in evidence as links in the chain of title of the purchaser of property at the sale made by virtue of said judgment, and the purchaser of land at a judicial sale may in a suit in trespass to try title introduce certified copies of the order of sale, sheriff's deed, judgment, and all papers filed in said cause as links in his chain of title. Kerr v. Oppenheimer, 20 Texas Civ. App., 141.

It is a well established rule that the declarations of the grantor after sale are not admissible in evidence to impeach the title of the grantee. But, as well established as the rule itself is the exception, that such declarations are admissible, when a prima facie case of combination or conspiracy has been made by other evidence. Possession by the vendor after sale is prima facie evidence of fraud. Hamburg v. Wood, 66 Texas, 168.

The purchaser at a judicial sale of land claiming title by virtue of said sale, in a suit in trespass to try title, has a right to introduce in evidence in his chain of title the attachment, judgment of court, order of sale, and all papers connected therewith for all purposes adjudicated in that suit.

The acquiring of another residence for temporary occupancy will not operate as an abandonment or forfeiture of the homestead. Baum v. Williams, 16 Texas Civ. App., 407,

*R. B. Young* and *Meade & McGrady,* for appellees.—The depositions taken in another suit in which Ida Leeper was not a party are not admissible in this suit; but are hearsay, *res inter alios acta.* People's Nat. Bank v. Mulkey, 94 Texas, 395; Cent. Dig., vol. 16, col. 1282, sec. 297.

Subsequent declarations of the grantor, and especially when they do not relate to the property in controversy are not admissible. Stephens v. Johnson, 45 S. W. Rep., 328; Wallace v. Berry, 83 Texas, 328.

The proceedings in another case to which Ida Leeper was not a party were not admissible for the purpose of affecting her title. Hardin v. Blackshear, 60 Texas, 132.

EIDSON, ASSOCIATE JUSTICE.—This is a suit of trespass to try title brought by appellants as plaintiffs in the court below against appellees C. C. Vawter, Ida Leeper and her husband, J. A. Leeper, for the purpose of recovering the title to and possession of lot number 12 in block number 21, in the town of Leonard, in Fannin County, Texas. Appellant also alleged in his petition that the deed from C. C. Vawter and wife to Ida Leeper of date October 16, 1896, was voluntary and without consideration and made for the purpose of hindering, delaying and defrauding the creditors of C. C. Vawter and especially appellant, of which purpose said Ida Leeper was fully cognizant at the time such conveyance was made, and that said deed is a cloud upon the title of appellant; appellant prayed that the same be declared fraudulent and void, and that it be set aside and held for naught.

Appellees, except C. C. Vawter, answered by general demurrer, general denial and plea of not guilty, and appellee Ida Leeper further answered that the deed executed to her of date October 16, 1896, was made in good faith for the bona fide purpose of paying her a just debt, which said C. C. Vawter then owed her in amount equal to the property so conveyed; that the property was the business homestead of C. C. Vawter at that date, and prayed that appellant take nothing by its suit, and that she be quieted in her title to said premises.

C. C. Vawter filed a disclaimer and prayed to be discharged with his costs. The case was tried before a jury and the court submitted special issues to the jury, and upon the answers made thereto, the court entered judgment for appellees Ida Leeper and J. A. Leeper for the lot in controversy.

Appellant's first assignment of error complains of the action of the court in excluding the certified copy of the depositions of C. C. Vawter and his wife, which were taken in the case of Parlin & Orendorff Company v. C. C. Vawter, et al, number 15373 in the District Court of Dallas County, Texas, which depositions show that C. C. Vawter and his wife used and occupied 80 acres of land situated four miles west of Leonard for a period of nearly twenty years prior to the failure of the said Vawter on October 15, 1896, as their homestead, and that it had all that time been their homestead. Appellants' contention being that said depositions were links in the chain of its title, and were declarations of Vawter and his wife as to their homestead at the time of his failure, and for a period of twenty years prior thereto. In our opinion the court below did not err in excluding said depositions. Ida Leeper not being a party to the suit in which said depositions were taken, they

would be but hearsay, *res inter alios acta*, as against her, and therefore not admissible. (People's Nat. Bank v. Mulkey, 94 Texas, 395; Stephens v. Johnson, 45 S. W. Rep., 328; Wallace v. Berry, 83 Texas, 328.)

By its second assignment of error appellant complains of the action of the court in giving to the jury special charge number 1, requested by appellees, which is as follows: "You will exclude from your consideration the recitals in the verdict and the judgment rendered in the District Court of Dallas County, concerning what the court in that case adjudged to be the homestead of said Vawter and wife, because what took place in that case in Dallas County is not admissible evidence as to the homestead question now involved in this suit you are trying, such records were not admitted by the court in the present case as being any evidence on the homestead question involved in this suit." The judgment of the District Court of Dallas County, so far as it decreed title to appellant in the lot in controversy was admissible, but the recitals in that judgment establishing the homestead of Vawter and wife could only affect the parties to that suit; and although there is in this case the issue as to what constituted the homestead of said Vawter and wife at the date of the deed by C. C. Vawter to Ida Leeper, still, she not being a party to that suit, she could not be affected by the recital in that judgment as to the homestead; and therefore such recital was inadmissible as against her. (Hardin v. Blackshear, 60 Texas, 132.)

Appellant's fourth assignment of error is not in compliance with the rules of this court, and therefore will not be considered. The assignment raises several independent and distinct matters and for that reason, does not conform to said rules. (Cochran v. Siegfried, 75 S. W. Rep., 542; Baum v. Corsicana Nat. Bank, 75 S. W. Rep., 863; Wren v. Howland, 75 S. W. Rep., 894; Cammack v. Rogers, 74 S. W. Rep., 945.)

Appellant's fifth assignment of error contends that the court erred in entering judgment for appellees upon the special findings of the jury, because said findings are inconsistent and contradictory and contrary to the charge of the court, in that to question number 1, which is as follows: "Was the property in controversy the business homestead of C. C. Vawter on October 16, 1896?" the jury answered "Yes." To question number 4, which is as follows: "Did C. C. Vawter abandon his homestead in the country, if so, at what date?" the jury answered, "No." The jury in answer to question number 3, submitted to them by the court, which was as follows: "Was the deed from C. C. Vawter and wife to Ida Leeper made in good faith, or was it fraudulent as to C. C. Vawter's creditors?" found that the deed to Ida Leeper was made in good faith. If the deed to Ida Leeper was made in good faith and not fraudulent, the title to the lot in controversy vested in her prior to the levy of the appellant's attachment; and hence was not subject to such attachment, and that being true, it was immaterial as to whether the property conveyed was homestead or not at that date.

Appellant's sixth assignment of error is not in compliance with the rules of this court, because same is not supported by any statement, and therefore, it will not be considered. (Galveston, H. & S. A. Ry. Co. v. Pruente, 70 S. W. Rep., 362; Chimine v. Baker, 75 S. W. Rep., 330; Raywood Rice Canal & Milling Co. v. Langford Bros., 74 S.

W. Rep., 926.) However, we are of opinion that the court below did not err in refusing to give to the jury appellant's special charge number 4, because the issue to which it relates was fully covered by the general charge, and a special charge given at the request of appellant.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*