RUCKER et al. v. CARR.

(Court of Civil Appeals of Texas. Galveston.
Jan. 14, 1914.)

1. DEPOSITIONS (§ 99*)—ADMISSIBILITY.
Under Rev. St. 1895, arts. 2273, 2290, providing that depositions may be read in evidence upon the trial of any suit in which they are taken, a deposition of an alleged testatrix taken before her death in a suit to set aside a deed cannot be read in a proceeding for the probate of her will to establish the making of such will.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 288–296; Dec. Dig. § 99.*]

2. WILLS (§ 384*)—PROBATE—REVIEW—HARMLESS ERROR.
In a proceeding for the probate of a will, where the evidence would have sustained a finding for either party, the erroneous admission in evidence of a deposition of the testatrix, taken in another suit which she instituted before her death, wherein she stated that the proponent was the custodian of her will, is prejudicial.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 855–858; Dec. Dig. § 384.*]

3. WILLS (§ 297*)—ACTIONS TO ESTABLISH—EVIDENCE.
In a proceeding for the probate of a will, testimony that the testatrix in a suit which she instituted before her death stated, in giving her deposition, that the proponent was the custodian of her will is admissible, although the deposition itself cannot be introduced.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 690–696; Dec. Dig. § 297.*]

4. WILLS (§ 331*)—PROCEEDING TO PROBATE—INSTRUCTION—REFUSAL.
In a proceeding for the probate of a will, the jury were charged that, if the testatrix signed the instrument, and two persons over the age of 14 years signed as witnesses in her presence, and the instrument reflects her will, it was a valid will. One of the special issues submitted was whether the testatrix executed the instrument in the manner in which the jury were charged it should be executed. The evidence raised the issue as to whether the testatrix signed the instrument with full knowledge of its contents. Held, that the refusal of a requested charge submitting to the jury with particularity the question whether the will was executed by the testatrix with full knowledge of its contents was improper; that issue not being sufficiently presented by the charge given, in view of the form of the special issue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 782–784, 786, 787; Dec. Dig. § 331.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Application by Richard Carr for probate of a will opposed by George Rucker and others. On appeal by the proponent to the district court, the instrument was admitted to probate, and defendants appeal. Reversed and remanded.

John B. Warren, Phelps & Phelps, and Hutcheson & Hutcheson, all of Houston, and E. A. Scott, of Navasota, for appellants. Heidingsfelders, of Houston, for appellee.

McMEANS, J. Appellee, Richard Carr, filed in the county court of Harris county his application to probate an instrument in writing purporting to be the last will and testament of Mariah Jackson, deceased. George Rucker and others, the appellants here, filed a contest, and, upon a hearing in the county court, it was adjudged that the instrument was not the last will and testament of Mariah Jackson, and it was not admitted to probate. Richard Carr, the appellee here, appealed to the district court of Harris county, where, upon a trial before a jury upon special issues, the instrument was declared to be Mariah Jackson's last will and testament, and it was ordered admitted to probate in the county court. From this last order and judgment, George Rucker et al., the contestants, have appealed.

[1] The purported will bore date December 16, 1911. Whether it was, in fact, Mariah Jackson's will, and whether, in fact, she executed it, was a hotly contested fact issue. The contestants offered many cogent circumstances to prove that it was not her will, while the proponent and the two attesting witnesses stoutly maintained that it was. We will not undertake to set out the testimony offered by each side upon the issue. During the introduction of testimony, a portion of the deposition of Mariah Jackson, taken just a short time before she died, was offered in evidence. This deposition was taken in the suit of Mariah Jackson v. Louise Hearne, pending in the district court of Harris county, which suit was brought for the purpose of canceling and holding for naught a deed purporting to have been executed by Mariah Jackson, conveying certain real estate to Louise Hearne, it being claimed that the deed was a forgery. This suit was, of course, a separate and entirely distinct suit from the proceeding to probate the will. The deposition was taken a short time after the date of the purported will. The part of the deposition offered in evidence consisted of the following question and the answer thereto: "Question. Who has your will? Answer. Richard Carr." The question and answer were objected to by the contestants on the grounds, among others, that the question and answer were contained in a deposition which was taken in the course of another pending case, to which none of the contestants were parties, and in which suit the issues involved were not the same or in any way connected with the issues involved in this case; and because said deposition was not proved to have been signed by Mariah Jackson, nor to have been sworn to by her, as required by law, nor were the statements contained in said deposition proved to have been made by her. The objections were overruled and the question and answer admitted in evidence, and it is this action of the court that is attacked by appellants' first, second, third, fourth, and fifth assignments of error.

It seems to be well settled in this state that a deposition taken in one case is not ad-

missible as evidence in another. Bank v. Mulkey, 94 Tex. 395, 60 S. W. 753; Parlin & Orendorff v. Vawter, 39 Tex. Civ. App. 520, 88 S. W. 407. In the case first cited, Justice Brown of the Supreme Court says: "The courts of this state derive their power to take depositions in suits pending before them from article 2273 of the Revised Statutes (1895), which provides: 'Depositions of witnesses may be taken when the party desires to perpetuate the testimony of a witness, and in all civil suits heretofore or hereafter brought in this state, whether the witness resides in the county where the suit is brought or out of it.' Succeeding articles of the statute prescribe the manner in which the depositions must be taken and returned, and article 2290 determines the extent to which they may be used in the following language: 'Depositions may be read in evidence upon the trial of any suit in which they are taken,' etc. In view of the difficulties which the common-law courts encountered in taking the depositions of witnesses and the fact that they finally abandoned all effort to enforce such authority, this article would appear to be the work of some well-informed lawyer who sought, by definite and unambiguous language, to fix the extent to which depositions might be used. The words 'upon the trial of any suit in which they are taken,' are so plain that there is no room for construction, and clearly limit the use of depositions to 'the suit in which they are taken.'" It follows that the admission of the portion of the deposition of Mariah Jackson referred to over the objection made thereto was error.

[2] But was this such an error as to require a reversal of the judgment? We think so. The testimony, aside from that improperly admitted, would have been a sufficient basis for a verdict in favor of either party, and a judgment rendered thereon would not have been disturbed by the appellate court. But the proponent was allowed to introduce evidence which was not admissible, but was extremely prejudicial to the contestants, and we think it was reasonably calculated to turn the scales in favor of the proponent, and that it was therefore reasonably calculated to and probably did cause the rendition of a judgment in his favor.

[3] We do not mean to be understood as holding that the statement of Mariah Jackson, as to who had her will, could not be proved. Such statement could have been testified to by the notary who took her deposition, or by any other person who heard her make the statement in answer to the notary's question or otherwise; but what we do mean to hold is that her deposition, as such, taken in another proceeding was not admissible, in whole or in part, in the proceeding to probate the will.

[4] As before stated, the case was submitted to a jury on special issues. These were preceeded by guiding instructions, paragraph 2 of which is as follows: "There is no question raised by the testimony as to the mental capacity of Mariah Jackson, and, if she signed the instrument offered for probate as her will with her mark, and two persons over the age of 14 years signed the same as witnesses in her presence, and the instrument reflects her will and wishes, then the same is a valid instrument."

Only two questions were propounded, one of which is as follows: "Do or do you not find that Mariah Jackson executed the paper which is offered for probate as her will in the manner which you are instructed in paragraph 2 it should be executed?" The other question propounded related to the issue of the execution of the will as the result of undue influence. Appellants requested the court to give its special charge No. 1, which is as follows: "You are further charged that, even if you find the will was executed in conformity with paragraph 2 of the court's general charge, you must find further that it was executed by the testatrix with full knowledge of the contents, before same can be admitted to probate. You will therefore, with the foregoing in mind, answer this question: Was the paper offered by proponent executed by Mariah Jackson with full knowledge of its contents?" The refusal of the court to give this charge is made the basis of appellants' sixth and seventh assignments of error.

We think the evidence raised the issue as to whether Mariah Jackson, if she did sign the instrument offered for probate as her will, did so without full knowledge of its contents. She was old, infirm, and illiterate. The only witnesses who testified that she signed the will, knowing its contents fully, were the proponent, the sole beneficiary, and the two subscribing witnesses, who were selected by him. His wife, who, proponent testified, was present, did not testify, although present at the trial. There were many facts and circumstances offered in evidence tending to show that Mariah Jackson wished to make an entirely different will from that offered. Under these facts, we think the jury should have been permitted to say whether Mariah Jackson had full knowledge of the contents of the will offered, if, in fact she did sign it. We do not think this issue was sufficiently submitted in paragraph 2 of the charge, as contended by appellee. Paragraph 2 informed the jury of the manner in which a valid will should be executed. It told the jury that, if the will was executed in a certain manner, and that if it "reflects her will and wishes," it would be valid. In submitting the question, the jury was asked if the testatrix executed the will in the manner in which they were instructed in paragraph 2 it should be executed. The jury, in answering this question, would see by referring to paragraph 2 that the manner of executing the will was

that it must have been signed by Mariah Jacksen, and that two persons over the age of 14 years must have signed the same as witnesses in her presence. We do not think that the jury, being asked if the will was executed in the manner stated in paragraph 2, would have felt authorized to go further and answer whether she understood its contents when she signed it. We think, therefore, the special charge should have been given, and the assignments presenting the point are sustained.

We have carefully examined all the other assignments urged by appellants, and have concluded that other than those above discussed no reversible error is shown. For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.