Argued October 8, 1976, affirmed January 20, 1977

BUSSARD et al, *Respondents,*

*v.*

BINDER, *Appellant.*

(No. 5657, SC P-2480)

558 P2d 845

David C. Glenn, of Rodriguez, Neilson & Glenn, Madras, argued the cause and filed the briefs for appellant.

Neil R. Bryant, Bend, argued the cause for respondents. With him on the brief were James V. Hurley and Gray, Fancher, Holmes, & Hurley, Bend.

Before Denecke, Chief Justice, and Holman, Tongue and Sloper, Justices.

DENECKE, C. J.

**DENECKE, C. J.**

In this action plaintiffs recovered damages because of the defendant's alleged breach of an implied promise in a sharecrop lease to harvest wheat in a husbandlike manner. The trial court sitting without a jury awarded plaintiffs judgment of $4,223.40 and defendant appeals.

The parties entered into a verbal lease of plaintiffs' land whereby defendant was to pay as rent one-third of the wheat crop to be raised by defendant. Defendant contends that under this arrangement he did not have an implied duty to exercise good husbandry in cultivating and harvesting the crop.

We have not decided previously the question raised by this contention. We have, however, decided in a situation that appears to us to be analogous that there is an implied promise to proceed in a diligent manner. In *Fremont Lbr. Co. v. Starrell Pet. Co.,* 228 Or 180, 364 P2d 773 (1961), the defendant leased plaintiff's land to develop the oil, gas and minerals on the land. The principal consideration for the lease was to be the royalties from minerals taken from the land. We held there was an implied promise by the lessee to "proceed with reasonable diligence to obtain production." 228 Or at 199. *Accord, Yeadon v. Graham,* 273 Or 234, 236, 540 P2d 1007 (1975).

The courts of other jurisdictions have held or stated in dicta that when there is a sharecrop lease, the tenant impliedly promises to farm in a husbandlike manner. *Shultz v. Ramey,* 64 NM 366, 328 P2d 937, 940 (1958); *Cammack v. Rogers,* 32 Tex Civ App 125, 74 SW 945, 948 (1903); *Brown v. Owen,* 94 Ind 31, 35 (1883).

Almost 100 years ago in *Patton v. Garrett,* 37 Ark 605, 610 (1881), the Arkansas court decided to the contrary. It reasoned that to hold there was an implied promise "would give rise to interminable litigation." 37 Ark at 610. Under some circumstances this can be a

valid judicial consideration; however, we do not find it so in the present circumstances. We conclude that under the circumstances present here there was an implied promise to cultivate and harvest in a husband-like manner.

■ Defendant also contends there was no evidence to support the trial court's finding that the defendant did not harvest in a husbandlike manner in that he did not commence harvesting until October and the rains prevented him from finishing. Defendant's contention is not well founded. There was evidence from which the court could have found that defendant should have harvested in late August or early September.

Affirmed.