## BAKER, *Respondent,*
### *v.*
## PRAEGITZER, *Appellant.*
### (No. 33491, CA 10470)
590 P2d 751

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Todd G. Brown, Corvallis, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and *Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

*Lee, J., did not participate in this decision.

## RICHARDSON, J.

Plaintiff, a tenant farmer, brought an action against the defendant landowner for conversion of a wheat crop. Defendant denied converting the wheat crop and counterclaimed, alleging plaintiff had breached the sharecrop agreement. The court, sitting without a jury, held plaintiff had established conversion but that defendant had failed to prove his counterclaim. Defendant's appeal raises only the issue of the sufficiency of the evidence respecting the counterclaim. We affirm.

Sometime in 1974, the parties orally agreed to a lease of farm land owned by defendant to plaintiff. The arrangement, which both parties characterized as a sharecrop agreement, provided plaintiff was to farm the land and pay 25 percent of the gross receipts from the resulting crop to defendant. In 1975 plaintiff prepared the land, planted and harvested a wheat crop. Immediately following the harvest in September, 1975, plaintiff chisel plowed the ground. Chisel plowing was described as loosening the soil rather than turning it completely over. As a result, the spillage from harvesting the crop was covered.

The following spring of 1976, when plaintiff prepared to plant a new wheat crop he discovered a volunteer wheat crop had begun growing from spillage of the prior year's crop. Plaintiff consulted an expert who examined random samples of the volunteer crop and advised plaintiff to retain the crop rather than plow it under.

In the summer of 1976, the crop appeared to be a good stand of healthy wheat, capable of yielding at least 30 bushels of wheat per acre. There was testimony indicating 30 bushels per acre was a low but acceptable yield. There was conflicting testimony as to whether depending upon a volunteer wheat crop was good farming practice.

[ 485 ]

In August, 1976, defendant asked plaintiff if he was going to harvest the crop. Plaintiff assured defendant he planned to harvest as soon as it was dry enough. The testimony indicated there was substantial rain in the area during the month. In mid-September, without consulting plaintiff, defendant had the crop harvested and subsequently sold it.

■ Defendant's counterclaim raises the issue of the duty of plaintiff under the sharecrop agreement. When the parties enter into a sharecrop agreement there is an implied promise on the part of the lessee to farm the land in a husbandlike manner. *Bussard v. Binder,* 277 Or 21, 558 P2d 845 (1977). Farming in a husbandlike manner requires that the tenant cultivate and harvest crops according to the ordinary farm practices in the area where the land is situated. Whether defendant met that standard was a question of fact.

■ Since this case was tried to the court without a jury our review is limited to determining if there was sufficient evidence to support the court's finding on the defendant's counterclaim. Viewing the evidence in a light most favorable to the plaintiff and according him all reasonable inferences from the evidence, we conclude the court's finding was supported by the evidence.

Affirmed.