R. H. PECK v. THE CITY OF SAN ANTONIO.

1. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTE.—The act of the Legislature approved September 5, 1850, entitled "An act to incorporate the San Antonio and Mexican Gulf Railroad," is unconstitutional in so far as, in the twelfth section, it provides that the city of San Antonio and the towns upon the line and at the terminus of the road on the gulf may issue bonds to aid in the construction of said railroad, because it embraces a distinct object not expressed in the title of the act, and was therefore repugnant to section 24 of article 5 of the Constitution of 1845.

2. CASES APPROVED.—Giddings v. City of San Antonio, 47 Tex., 548; San Antonio v. Gould, 34 Tex., 49, approved.

3. SUPREME COURT—CONSTRUCTION OF STATUTES.—When a question

arising on a local statute and involving the proper construction of a clause in the Constitution of Texas is presented, this court will regard it as a duty rather to follow the decision already reaffirmed by it on the same question after deliberate consideration, than to adopt the later and conflicting views of the Supreme Court of the United States.

4. MILITARY SUPREME COURT.—The opinions of the tribunal organized as a Supreme Court of Texas by military authority on the 10th of September, 1867, without regard to the Constitution and laws of the State, have not received from this court that sanction accorded to the opinions of the Supreme Court of Texas when properly organized.

5. CASES APPROVED—MILITARY SUPREME COURT.—The views expressed by Chief Justice Moore in Taylor v. Murphy, 50 Tex., 291, as his individual views, regarding the authority of decisions of the Military Supreme Court of Texas, adopted by the court.

6. CASE OVERRULED.—San Antonio v. Lane, 32 Tex., 405, overruled.

ERROR from Bexar. Tried below before the Hon. George H. Noonan.

The statement of the case of Giddings v. San Antonio, 47 Tex., 549, and which will be found in the opinion in that case delivered by Chief Justice Roberts, will apply to the present case.

The tribunal which decided, as a court of last resort, the case of San Antonio v. Lane, was appointed by Brevet Major-General Griffin, while commanding the forces of the United States in Texas, on the 10th of September, 1867, more than two years after all resistance to the authority of the United States had ceased in this State. That officer, by military order, removed the Hon. George F. Moore, chief justice, and Richard Coke, S. P. Donley, Asa H. Willie, and George W. Smith, associate justices, who had been elected by the people. In this he assumed to act under authority of section 2 of what is known as the reconstruction act of Congress of July 19, 1867.

W. B. Leigh, for plaintiff in error, cited San Antonio v. Mehaffy, 6 Otto, 312.

Bonner, Associate Justice.—This was a suit instituted on three bonds, with coupons attached, issued by the city of San Antonio under section 12 of "An act to incorporate the San Antonio and Mexican Gulf Railroad Company," approved September 5, 1850. A demurrer to the petition having been sustained, the cause was dismissed and the plaintiff prosecutes this writ of error.

There is no question raised as to the regularity of the proceedings under which the bonds were issued, but one of want of power only to issue them, on the ground that the law under which the proceedings were had was in contravention of that clause of the Constitution which provides that "every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title." (Const. 1845.)

The precise question of the constitutionality of this section of the act under consideration has three times before been decided by this court. It was first decided under its military organization, and held to be constitutional. (San Antonio *v.* Lane, 32 Tex., 405.) That court not having been organized under the Constitution and laws of the State, with all due respect to the members who composed the same as individuals, their opinions have not received the same authoritative sanction given to those of the court as regularly constituted. (Taylor *v.* Murphy, 50 Tex., 291.)

It next came before the court as regularly organized, and was decided to be unconstitutional, because it embraced a distinct object not expressed in the title. (San Antonio *v.* Gould, 34 Tex., 49.)

In the still subsequent case of Giddings *v.* San Antonio, 47 Tex., 548, in an elaborate and exhaustive opinion by the late chief justice, to which it would be superfluous to add anything, the whole question was thoroughly reviewed, and the last preceding decision—San Antonio *v.* Gould—approved and the unconstitutionality of the section sustained.

In the concluding part of his opinion, the learned chief justice says: "This suit, it would seem, from the date of its

commencement, was brought to take the opinion again of this court when composed of still another set of justices; and the only question made looks to the reversal of the last decision of the court made in it. While it is of the highest importance that the courts should be open at all times for the assertion of rights that are believed to be well founded, it would be unfortunate that it should be thought practicable, on a doubtful question, to easily procure a change of decision with every change in the members who might from time to time compose the Supreme Court." He adds: "This question is, therefore, not before us as one of first impression, but stands with the weight in favor of an affirmance of the last decision of this court upon it." (47 Tex., 557.)

These remarks are applicable to the present case, and it would seem that the question was finally settled by two subsequent decisions of this court, overruling a former one, and would now be thus treated by us, without a written opinion, were it not in deference to the late decision of the Supreme Court of the United States, which sustains the case of San Antonio *v.* Lane, *supra.* That learned court, after reviewing the above cases, say: "The question may, therefore, be fairly considered as still unsettled in the jurisprudence of this State. Under these circumstances, this court has always felt at liberty to follow the guidance of its own judgment." (San Antonio *v.* Mehaffy, 6 Otto, 312.)

Although we entertain the very greatest respect for the opinions of that high tribunal, yet we feel it our duty, upon a question which involves the proper construction of a local statute under the Constitution of Texas, to follow the latest decisions of this court; and particularly when, as in this case, the direct point involved has received our deliberate consideration upon a reëxamination of the question.

To remove any doubt which may arise in the courts of this State from the above case of San Antonio *v.* Mehaffy, we again reaffirm the unconstitutionality of the section of the act under consideration.

　　　　　　　　　　　　　　　　　　　　Affirmed.