## PEOPLES NATIONAL BANK v. J. A. MULKEY ET AL.

### No. 977.  Decided February 14, 1901.

**Depositions.**

  Depositions are admissible under our statute (Revised Statutes, article 2273) only in the case in which they were taken, and not in another case, though between the same parties and involving the same issues. Emerson v. Navarro, 31 Texas, 338, disregarded as authority. (Pp. 397, 398.)

QUESTION CERTIFIED from the Court of Civil Appeals, Fifth District, in an appeal from Ellis County.

*Singleton & Bisland,* for appellant.—Depositions not filed in the cause are not admissible over objections properly made. Sayles' Civ. Stats., art. 2287; Evans v. Hardgrove, 11 Texas, 210.

Depositions can only be read in the cause in which they were taken, and are not admissible in a different cause over objection. Sayles' Civ. Stats., arts. 2274, 2290.

Proceedings had in a cause pending in a court without jurisdiction over the subject matter, are without legal force or effect, and can not be introduced in evidence over objection.

A waiver of notice and commission to take depositions in one cause will not bind the party making the waiver in another cause.

*S. C. McCormick,* for appellees.—Depositions regularly taken in one cause may be read in another and subsequent cause without notice, when the parties to and the issues in both causes are substantially the same; and the parties and issues having been the same in cause 2105 and in this cause, the depositions in question were properly admitted in evidence. Emerson v. Navarro, 31 Texas, 336, 338; Greenl. on Ev., sec. 553; 6 Enc. of Pl. and Prac., p. 579, sec. 19, and note 1 under said section, citing numerous authorities from the several States of the American Union in support of the rule as announced in the foregoing proposition.

The gist of the whole matter—the parties and subject matter being the same—is the right of cross-examination. Appellant's first suit was, as its second one, on the note for $350. The defenses of appellees were the same in the first as in the second suit. The depositions were taken by the agreement of the parties, and upon a mutual waiver of commission. They were returned into court in accordance with legal requirements and filed in the suit in which they were taken, and were admissible as evidence in that suit. In the first suit, appellant not only had the right to cross-examine, but it also had every possible incentive to do so that it could have had in this suit, and to cross-examine, too, in the same manner, on the same lines, and about the same matters as in this suit. That settles it and should settle it. The retaking of the depositions could only have increased the labor and swelled the costs, without possible advantage to either party.

The effect of appellant's waiver of commission and its agreement that the depositions might be taken without commission was to make the depositions valid and admissible as in cause 2105; and the depositions being valid and admissible in that cause, they are valid and admissible in this one, involving the same parties and the same subject matter.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth District has certified to this court the following statement and questions:

"Appellant instituted this suit in the County Court of Ellis County against J. A. Mulkey and J. M. Loggins upon a promissory note dated February 23, 1897, for the sum of $350, with interest and attorney's fees, payable on the first day of September, 1897. The note was signed by V. L. McCarty, J. M. Loggins, and J. A. Mulkey, and payable to the order of appellant. V. L. McCarty was alleged to be a resident of the Territory of Oklahoma and was not made a party. Appellees answered in substance that the note was signed by them as an accommodation to V. L. McCarty, and that after its execution and before its negotiation they had forbidden said McCarty to negotiate same, and that appellant knew the facts connected therewith at the time it came into possession of said note. The evidence shows that said $350 note was signed by appellees for the benefit of V. L. McCarty; that the name of the payee was left blank, and that McCarty was to raise money on said note in the town of Corsicana, and the name of the party from whom he secured the money was to be inserted therein; that said McCarty failed to negotiate the note in Corsicana, and a day or two thereafter appellees notified McCarty that they would not be responsible thereon any longer and demanded possession of said note, whereupon said McCarty informed them that he had destroyed the note. Appellees, believing this to be true, took no further action in regard to the matter.

"Subsequently on April 29, 1897, McCarty negotiated and delivered said note to appellant. The negotiation was made with J. Blakey, president of said bank, who filled in the name of the payee and knew

that it had been signed by Loggins and Mulkey for the accommodation of McCarty. Blakey had no actual knowledge of the transactions or conversations had between McCarty and appellees in regard to the note after McCarty had failed to secure money thereon in Corsicana. Said note was delivered to the said bank as collateral to secure three certain promissory notes which were due to said bank by said McCarty. Two of said notes, to wit, one for $51 and another for $79, were then held by the bank and were past due. The other note was for $50 and was at that time executed and delivered by McCarty to the bank. The consideration of the last note mentioned was $35.95 cash paid to the said McCarty by said Blakey at that time and the sum of $14.05 which was credited in liquidation of interest due on the other two notes. It was understood at the time the $350 note was delivered to said bank that the interest of said bank in said note should be only an amount sufficient to secure the three notes above mentioned. Before the institution of this suit, appellant bank instituted suit on the $350 note in the Justice Court, praying that it have judgment for the amount of the three other notes, aggregating $219.17, and that the balance of the $350 note be canceled. A trial was had in the Justice Court and judgment rendered there and an appeal taken to the County Court. In the County Court the cause was dismissed for want of jurisdiction, as the amount claimed exceeded $200. During the pendency of the last mentioned suit, interrogatories were propounded by the defendants in said suit to various witnesses; the issuance of a commission was waived, and it was agreed that said depositions might be taken without the issuance thereof. Said depositions were accordingly taken and duly returned. The parties to that suit and to this suit are the same, except McCarty was a party to the first suit but is not a party to this.

"On the trial of this •case, appellees offered said depositions as evidence, to the introduction of which appellant objected, which objection was overruled and said depositions the court permitted to be read as, evidence. Among the objections made and that are here urged for reversal are, first, that said depositions had never been filed in or placed among the papers of this cause, and that no legal notice had been given appellant that they would be offered in evidence; second, said depositions were taken in another and different suit from this one; third, because said depositions were taken in a cause pending in a court without jurisdiction of the subject matter therein. Bills of exception were duly reserved to the rulings of the court in admitting in evidence the said depositions.

"Question I. Under the foregoing facts, were said depositions admissible in evidence on the trial of this cause? See Emerson v. Navarro, 31 Texas, 338; Revised Statutes, article 2290.

"Question II. If said depositions were admissible as evidence, was the bank entitled to recover an amount sufficient to pay off and discharge all of the said three notes for which said $350 note was given as collateral; or was it only entitled to recover the amount advanced at the time said $350 note was delivered to it?"

To the first question we answer, no.

The courts of this State derive their power to take depositions in suits pending before them from article 2273 of the Revised Civil Statutes, which provides: "Depositions of witnesses may be taken when the party desires to perpetuate the testimony of a witness, and in all civil suits heretofore or hereafter brought in this State, whether the witness resides in the county where the suit is brought or out of it." Succeeding articles of the statute prescribe the manner in which the depositions must be taken and returned, and article 2290 determines the extent to which they may be used in the following language: "Depositions may be read in evidence upon the trial of any suit in which they are taken," etc. In view of the difficulties which the common law courts encountered in taking the depositions of witnesses and the fact that they finally abandoned all effort to enforce such authority, this article would appear to be the work of some well informed lawyer who sought, by definite and unambiguous language, to fix the extent to which depositions might be used. The words "upon the trial of any suit in which they are taken," are so plain that there is no room for construction, and clearly limit the use of depositions to "the suit in which they are taken."

We are referred to Emerson v. Navarro, 31 Texas, 338, but that case is not authority. Peck v. San Antonio, 51 Texas, 490. We have examined the decisions of many of the States and find a difference in the rules enforced in the different jurisdictions depending upon the statutes under which the courts exercise the power to take depositions. But we have found no case which would support a construction of our statutes that would admit this deposition.