**NEEL et al. v. MAURICE et al.**

No. 4166.

Court of Civil Appeals of Texas. El Paso.

Nov. 13, 1941.*

Starley & Starley, Pecos, R. B. Rawlins, T. H. Neel, Monahans, for appellants.

Hill D. Hudson, Pecos, Fred C. Knollenberg, El Paso, J. M. Deaver, El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Reeves County. The suit was instituted by T. H. Neel, as trustee for certain creditors of the estate of J. D. Kugle, deceased, against John C. Maurice and Fred C. Knollenberg, as defendants. The purpose of the suit was to remove cloud from the mineral estate in certain lands in Ward County. Plaintiff claimed under a trust deed from J. D. Kugle, Jr., and W. H. Kugle, as independent executors of the Estate of J. D. Kugle, deceased. C. C. Dorr, intervened claiming the same cloud on other lands not claimed by the plaintiff. J. D. Kugle, Jr., and W. H. Kugle intervened individually and as executors, of the Estate of J. D. Kugle, deceased. The trial was before a jury, submission on

* Ordered published by Court Oct. 25, 1949.

one special issue. On the finding of the jury judgment was entered in favor of defendants for seventeen tracts of land situated in Ward County, Texas, and denying plaintiff and intervenors any relief with reference to such tracts. Plaintiff and intervenors have appealed from this judgment. No statement of facts have been filed, and the appeal is before us on the transcript and the briefs of the respective parties.

Appellants have filed a motion herein that we postpone the decision of this case until final disposition of a certain cause pending in the District Court of Ward County on appeal from the judgment of the Probate Court of Ward County. Involved in the appeal in question is a judgment of the County Court of Ward County, sitting in probate, denying a motion of appellants to set aside a former judgment of that court probating the will of J. D. Kugle, deceased. The allegations of the motion are in substance that the application to probate such will was filed on the 17th day of January, 1939, and on the same day the will was probated; that citation issued on the application on the 17th day of January, 1939, returnable on January 30, 1939; that the sheriff returned same on the 17th day of January, 1939, reciting the posting for ten days. The motion of appellants is accompanied by a copy of the record in the Probate Court, the correctness of which is certified to by the County Clerk of Ward County. This copy of the record substantiates the allegation of appellants' motion to postpone.

In order to properly discuss the question posed by the motion it will be necessary to discuss in some detail the controversy between appellants and appellees, so far as same is developed by the pleadings, the verdict and judgment.

Appellant Neel alleged that on or about January 18, 1940, J. D. Kugle, Jr., and W. H. Kugle, as independent executors of the estate of J. D. Kugle, deceased, executed to him a conveyance in trust of certain lands and mineral interests in Ward County; this trust gave him certain right to sell the lands and apply the proceeds to the payment of the specific debts of the J. D. Kugle estate;

that prior thereto, on the 20th day of May, 1939, the said executors, acting officially, executed and delivered to appellees a deed of trust to certain properties of the estate situated in Ward County, securing a note in favor of appellee Maurice in the sum of $25,000; that this deed of trust purported to convey surface rights in fourteen tracts of land in Ward County; that after the description of the fourteen tracts appears the following:

"Also all mineral rights which belong to the Estate of J. D. Kugle, deceased, which they have and hold in the above described property; and it is understood and agreed that all minerals under section eight (8) have been previously transferred, and in lieu thereof shall be held as security the undivided 1/2 interest of the estate in the royalty under 100 acres situated in Section Thirty-four (34) Block One, specifically described in a release of vendor's lien dated October 14, 1908, recorded in Volume 9, of, the Deed Records of Ward County, Texas, at page 349, and in addition thereto the Kugle Estate have an interest in the oil under certain land fully described in a mineral deed from Mrs. B. B. Speer and her husband to J. D. Kugle, dated March 16, 1937, recorded in Volume 72 of the Deed Records of Ward County, Texas, at page 517."

It is alleged that the lands included in the clause of the description, as follows:

"described in mineral deed from Mrs. B. B. Speer and her husband to J. D. Kugle, dated March 16, 1937, recorded in Volume 72 of the Deed Records of Ward County, Texas, at page 517," did not pass under the deed of trust to appellee Knollenberg, but were included in the deed of trust of appellant Neel. A purported sale under the power of deed of trust to appellee Maurice was alleged to have been made, and the execution of a deed to appellant in pursuance thereof; that the trustee's deed purported to convey the property in the clause heretofore quoted herein; that said lands were not conveyed by the deed of trust to appellant, but were conveyed to appellant Neel by the deed of trust executed and delivered to him by J. D. and W. H. Kugle, as executors.

The land here in dispute is seventeen tracts which are conveyed to J. D. Kugle by Mrs. B. B. Speer and husband on March 16, 1937.

It is further alleged that the sale was made for an excessive amount, in that included in the sale was $2,567.00, as attorneys' fees, in addition to the principal and accrued interest.

The intervention of J. D. and W. H. Kugle was individually and as independent executors; among other things, setting up the due probate of the will of J. D. Kugle, deceased. Their allegations were as were those of Dorr, along the same general lines of those of appellant Neel—that the clause of the description above quoted did not give a lien on the lands in controversy, and it was not the intention of any of the parties thereto to so include them; averred that theretofore they had filed in the District Court against appellants an injunction suit seeking to prevent the sale of appellants and appellee Knollenberg; that in settlement of said suit it was mutually agreed that no deficiency judgment be sought against them, and that the lands conveyed by Mrs. B. B. Speer to J. D. Kugle, their father, were not included in the deed of trust. Further, that in pursuance of such agreement they dismissed their injunction suit with prejudice; that in breach of said agreement appellee Knollenberg did include the lands in the sale and did deed same to appellee Maurice.

Plaintiff and intervenors further pleaded that if the said lands were included in the Maurice deed of trust that it was through mutual mistake, and the sale thereunder, as to these lands was sought to be removed. Common to all of the pleadings was the allegation as to a sale for an excessive amount. Appellant Dorr claimed two tracts under a mineral deed from appellants J. D. Kugle, Jr., and W. H. Kugle, as independent executors. Their claim and pleadings were about the same as asserted by the other appellants. It appears the lands claimed by them were not included in the deed of trust to appellant Neel. This deed was subsequent to the Maurice deed of trust. The property described was part of an interest conveyed by Mrs. B. B. Speer to J. D. Kugle, the alleged testator.

Appellees' answer was rather voluminous; asserted the validity of the deed of trust; however; tenders appellants the privilege of redeeming; sets up the note for $25,000; pleaded the proceedings in the injunction suit, the comprise thereof for a valuable consideration; sought alternative relief of foreclosure in the event that the foreclosure of the deed of trust under the power therein be held invalid. A purported copy of the deed of trust was attached to the answer.

The Court submitted one special issue, which, with the jury's finding thereon, was as follows:

"Do you find from a preponderance of the evidence that at the time the deed of trust in evidence in this case was executed and delivered by J. D. Kugle, Jr., and W. H. Kugle, independent executors of the Estate of J. D. Kugle, deceased, it was not the intention of the said Kugles and the defendant, John C. Maurice, to include therein and have covered thereby the interest of the Kugle Estate in the oil in the lands described in the Mrs. B. B. Speer deed testified about in this case, other than the 100 acres in Section 34, Block 1?"

The jury answered:

"It was the intention of said parties to include said interest in the Deed of Trust."

If the judgment of January 17, 1939, probating the will of J. D. Kugle, deceased, be set aside and becomes final, in the event said will be again probated, or otherwise, many legal questions may arise. All parties here claim under that will, except as to the individual interest of J. D. and W. H. Kugle. The final effect of the judgment of either an affirmance or a reversal of the judgment appealed from here will not tend to simplify the matters in the contingency mentioned.

■ It is not contended that the motion tenders an issue going to the jurisdiction of the Court of Civil Appeals. In passing on a question of jurisdiction we may look to evidence outside the record proper. Texas Rules of Civil Procedure, Rule 406, 136 Tex. 568.

693

The record proper here is, of course, the transcript. The certified copy of the probate record made by the County Clerk of Ward County is not a part of the transcript, and hence may be considered only in determining question of jurisdiction.

■ It is true an executor derives no power until the will is probated and he qualifies as directed by statute. Simkins, Administration of Estates in Texas, 3rd ed., page 134.

It may be that in the matter of the probate of this will the Probate Court of Ward County never acquired active jurisdiction—potential jurisdiction it certainly had. But that is not a matter we can authoritatively determine here. Appellants J. D. Kugle, Jr., and W. H. Kugle intervened as executors, alleging they were such. The other appellants claim title under them as such executors. Their capacity as such was not questioned in the pleadings of appellee.

■ In our final disposition of this appeal, in our opinion, we could not be governed by the disposition made by the trial court of the litigation now perhaps still pending there. Even though a final decision that the will was not probated on January 17, 1939, be rendered, and such a decision have the far-reaching consequences asserted by appellants, it is to be borne in mind that appellants W. H. and J. D. Kugle, Jr., executed the deed of trust individually. Over this interest that the judgment here would operate is to our mind beyond question. The motion to postpone is overruled. Appellants are estopped by record to here question the capacity in which they sued.

■ Appellants were plaintiffs below. The burden was upon them to have submitted to the jury their theory of recovery or else establish same beyond issue. The Court did submit one issue in their behalf. This issue was in substance as to whether or not it was the mutual intent of the parties that the deed of trust include the land in controversy.

The real issue was as to whether the deed of trust did cover the land in controversy. The issue submitted, giving same a broad construction, perhaps did submit a vital factual element of the issue of mutual mistake. The question of mutual mistake could only be pertinent if the description in the deed of trust did include the lands in controversy. We hardly believe it was intended to leave the construction of the written instrument to the jury.

Let us, then, endeavor to construe the deed of trust.

There is nothing indefinite or uncertain as to the description of the land. The real question is: Did the granting clause of the deed of trust apply to the aptly described lands?

■ The end sought in the construction of a deed is the determination of the intention of the parties thereto. 14 Tex.Jur. p. 910, par. 132.

■ There are many rules laid down to aid in determining this intention, among others, that such intention must appear in the instrument itself; that in arriving at this intention the instrument is to be considered as a whole, the subject matter dealt with, the situation of the parties; every provision thereof be given effect, if that is possible. Beyond any question, to hold that it was the intention to include this land requires construction.

It is contended by appellants that the clause in dispute is the mere recitation of a fact, hence does not evidence a present intention to convey. If a mere recitation of a fact, the language was used without any valid reason therefor. The previous description is not broad enough to cover these lands, hence they are not in the nature of either an exception or a reservation from a grant. The clause in question serves no purpose in describing other lands which were indisputably conveyed. This is true, even tho it be assumed that the one hundred acres in Section 34, Block 1, be included in the deed from Mrs. Speer. If the clause be ambiguous, there being no statement of facts, we are not authorized to say that the evidence was not of such character that it established indisputably that the lands in controversy were included in the deed of trust. Appellants, so far

694

as the record goes, did not seek to have this issue submitted to the jury. Such issue was not submitted by the Court. Appellants did not except to the issue as submitted, and seem to have predicated their whole cause of action on the issue that was submitted.

If it was not the intention to include the lands in controversy in the deed of trust, the language describing same could have been entirely omitted, and there would have been a perfect description of all other lands described in the deed. One attributes the conclusion that the language was used to effectuate a legal purpose. Further, that the only reasonable purpose was to include the lands in controversy under the operation of the granting clause of the instrument. Any other construction would constitute the language mere purposeless surplusage. What reasonable purpose could the grantors have in reciting that in addition to the lands conveyed they owned other lands?

We are of the opinion the holding on our part that, as a matter of law, it was not intended to apply the granting clause to these lands, would not be warranted. In order for appellants to prevail on this assignment, such, of necessity, must be the holding.

It is asserted by the appellants that the note described the security, and in such event the provisions of the note control. The note does recite as follows:

"This note is secured by Deed of Trust lien on 14 tracts of land, all located in Ward County, Texas, specifically described in a deed of trust executed by the signers hereof to Fred C. Knoolenberg, Trustee for John C. Maurice, of even date herewith."

Fourteen tracts of land are specifically described in the deed of trust. Now, if this were a question of the date of maturity of the note, the rate of interest thereof, or to whom payable, there is no question, in the absence of provisions in the deed of trust, or in case of conflict with the provisions of the deed of trust, the note would control. The note, after all, is really the primary obligation.

 The deed of trust is, of course,. collateral to the note. It is without effect in law aside from the primary obligation.. However, the deed of trust evidences the acts in law creating the collateral obligation. Aside from the deed of trust, the note here, in and of itself, creates no lien on any land, the description is too indefinite. In our opinion the deed of trust controls in this respect. See Armstrong v. Wilson, et al., Tex.Civ.App., 109 S.W. 955.

The cases cited by appellants we think are clearly distinguishable from the case at bar, in that provisions pertinent to the nature and character of the primary obligation are involved. We do not mean to hold that in view of the language used in the deed of trust some weight was not properly given by the trial court to the language used in the note; but we do hold that same is not conclusive on the question here involved.

In our opinion the contention of appellants that, as a matter of law, the deed of trust did not cover the property in controversy, is without merit. This is the sole contention briefed here.

It is ordered that the judgment be affirmed.