**F. E. LASATER et ux., et al., Appellants,**

v.

**The FRANKLIN LIFE INSURANCE COMPANY, Appellee.**

**No. 6191.**

Court of Civil Appeals of Texas, El Paso.

July 28, 1971.

Blades, Crain & Winters, James C. Winters, Gordon W. Houser, Houston, Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Odessa, for appellants.

Richard D. Naylor, Pecos, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is an appeal from a summary judgment. The Franklin Life Insurance Company, Plaintiff-Appellee, filed suit against F. E. Lasater and wife, Lynette Lasater, Defendants-Appellants, and against The First National Bank of Brownwood, Diversified Capital and James Baylor, Director of Insurance of the State of Illinois as Defendants. The Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America Pension Fund filed its Petition in Intervention as the assignee of The First National Bank of Brownwood and Diversified Capital. From a summary judgment for Plaintiff, Defendants, F. E. Lasater, et ux, and The Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America Pension Fund (hereafter called Pension Fund), have perfected this appeal. We reverse and remand.

This suit sought judicial foreclosure of a promissory note and deed of trust. The note was dated May 30, 1963, in the original principal sum of $170,000.00, secured by a deed of trust on 18,700 acres of land. Appellant, Pension Fund, intervened asserting a claim of $335,000.00 secured by a deed of trust dated subsequent to Appellees' affecting this land together with other tracts that were subject to two other suits. Pension Fund prayed for foreclosure of its lien. James Baylor, Director of Insurance of the State of Illinois, and as Liquidator of Prudence Mutual Casualty Company, filed an answer acknowledging the priority of Appellee's lien, but alleging an equitable lien, seeking specific performance and seeking to recover $190,000.00 in the event the proceeds from Appellee's foreclosure exceeds the claims. Lasater originally filed a plea of privilege and general denial. A hearing was set on the plea of privilege for September 1, 1970. At this hearing, Mr. James Todd, Mortgage Analyst with The Franklin Life Insurance Company, two tax collectors and a surveyor testified. Their testimony was reduced to writing by the official Court Reporter but was not signed by the witnesses, nor agreed to by the attorneys as a Statement of Facts. The Court entered its order overruling the plea of privilege. Plaintiff then filed its sworn motion for summary judgment and in support thereof, attached the unsigned transcribed testimony adduced at the plea of privilege hearing and the exhibits introduced together with an affidavit of Richard E. Bowers, an attorney in Brewster County setting forth his opinion of the reasonableness of the attorney's fees prayed for. Lasater filed an Amended Answer alleging special exceptions to Appellees petition and filed a cross-action against Plaintiff.

On hearing the motion for summary judgment, the Court, on its own motion,

severed the cross-action of Lasater against the Plaintiff and the cross-action of Baylor against Lasater as well as the plea of intervention filed by Pension Fund. Lasater's cross-action was docketed separately and the claims of Baylor and Pension Fund were docketed together. The Court then entered judgment in Plaintiff's favor for the unpaid balance on each note with interest as provided in each note until the date of judgment and 10% thereafter, allowing the attorney's fees prayed for and costs of suit and decreed foreclosure.

■ Appellants complain of attorney's fees. Judgment was entered for $14,831.44 attorney's fees, being approximately ten percent (10%) of the principal and interest on the note. The note provided for "reasonable attorney's fees". The deed of trust provided * * * "including attorney's fees, if actually incurred; not to exceed ten percentum". Appellee in its brief contends that the proper rule of construction requires that a note and deed of trust be construed together citing Smith v. National Bond & Mortgage Corporation, Tex.Civ. App., 150 S.W.2d 333 (n. w. h.). Also, if an inconsistency exists, prevailing effect should be given to the note. Bowman v. Rutter, Tex.Civ.App., 47 S.W. 52 (n. w. h.). This seems to be consistent with Texas case law. 39 Tex.Jur.2d, Sec. 10, p. 22. Applying these rules, we would conclude that the applicable provisions for attorney's fees would be reasonable attorney's fees of not more than 10%. Plaintiff alleges the foregoing amount in its petition, and the only evidence considered by the trial Court in addition to the instruments, was the affidavit above referred to.

No authority cited by Appellee involves a summary judgment wherein "reasonable" attorney's fees are to be determined. The Appellee by invoking his right to seek summary judgment, must accept the corresponding responsibility of establishing, as a matter of law, that there is no genuine issue of material fact to the recovery which it seeks. Gibbs v. General Motors Corpo-

ration, 450 S.W.2d 827 (Sup.Ct.1970); Rule 166–A, Texas Rules of Civil Procedure. We must therefore hold that in the absence of a stipulated sum or percentage in summary judgment proceedings, the question of reasonable attorney's fees is a matter for the trier of facts. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (1945); Akin v. Akin, Tex.Civ.App., 417 S.W.2d 882 (n. w. h.); Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Sup.Ct.1966); Parr v. Fortson, Tex.Civ.App., 457 S.W.2d 137 (n. w. h.); Smith v. Davis, Tex.Civ.App., 453 S. W.2d 340 (n. r. e.). We hold that this constitutes an issue of material fact.

■ Appellants complain that the use by the Court of the transcribed testimony at the plea of privilege hearing in support of the motion for summary judgment was improper. The testimony was transcribed by the official Court Reporter. The witnesses did not sign the transcribed record. The parties did not agree that such was a correct statement of the facts. Lasater's attorney called the Court just prior to the plea of privilege hearing to advise that he would not be present to contest the hearing and that as far as Lasater was concerned, judgment could be entered overruling the plea. Thus, Lasater's counsel did not appear. Pension Fund had filed its plea in intervention on August 31, 1970, and the plea of privilege hearing was held on September 1, 1970. Pension Fund complains that it was not advised of the hearing and consequently was not afforded the right of cross examination of the witnesses.

Summary judgment procedures under Rule 166–A, T.R.C.P. have been strictly construed. Gulbenkian et al. v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Appellants contend that since the rule provides for the consideration of pleadings, depositions, answers to interrogatories, admissions on file and affidavits, that the Court cannot consider such transcribed testimony for the reason that it does not fit any of the enumerated categories.

It has been held that transcribed testimony before an administrative body, that is not signed, though certified by a Court Reporter, is not admissible. Cruz v. City of San Antonio, Tex.Civ.App., 424 S.W.2d 45; Beall Medical Surgical Clinic and Hospital, Inc. v. Texas State Board of Health, Tex.Civ.App., 364 S.W.2d 755. Certified copies of Court records in a prior proceeding in the same Court have been held admissible. Serna v. Reyna, Tex.Civ. App., 418 S.W.2d 701 (Ref. n. r.e.); Butler v. Davey Crockett Federal Savings & Loan Assn., Tex.Civ.App., 363 S.W.2d 390 (dis.). In Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961), the Court stated:

"It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties."

The testimony now sought to be used affects the rights of a party that was not afforded the opportunity to appear at the time that testimony was adduced and which was not agreed as a correct statement. The rule has probably been relaxed to some extent in Austin Building Co. v. National Union Fire Ins. Co., 432 S.W.2d 697 (Sup.Ct.1968). In that case, however, the parties agreed that the Statement of Facts was a correct record and it was so certified by the Court Reporter. Yet the Supreme Court has narrowed the area of summary judgment proof by its holding in Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, that even sworn pleadings may not be considered.

Texas has followed a minority rule in regard to former testimony and prior depositions. 24 Tex.Law Rev. 219; People's National Bank v. Mulkey, 94 Tex. 395, 60 S.W. 753 (1901). The introduction of deposition testimony is not proper against one who was not a party to a suit when it was taken and had no opportunity of cross examination, 20 Tex.Jur., Sec. 72, p. 27 (cases cited). We therefore hold that under these circumstances, the admission of the transcribed testimony was not proper for summary judgment purposes.

■ We are also of the opinion that the severance as to Pension Fund and Baylor was inappropriate in this instance. Each sought foreclosure of liens affecting the lands involved. Baylor additionally asserted equitable title. Assuming as we must under the circumstances, that Plaintiff's lien and title are superior to both Pension Fund and Baylor, yet they, as subordinate lien holders, are interested in the disposition of the property and the amount of attorney's fees in the Court's judgment. Under Rule 60, T.R.C.P., Pension Fund has a right to intervene. Inter-Continental Corporation v. Moody, Tex.Civ.App., 411 S. W.2d 578 (Ref., n. r. e.). Since we have held that attorney's fees would be a fact issue, Pension Fund's complaint of severance in its motion for new trial is well taken.

For the foregoing reasons, we reverse and remand the judgment of the trial Court.