**F. E. LASATER and Lynette Lasater, et al., Appellants,**

v.

**The FRANKLIN LIFE INSURANCE COMPANY, Appellee.**

No. 6193.

Court of Civil Appeals of Texas, El Paso.

July 28, 1971.

Blades, Crain & Winters, James C. Winters, Gordon W. Houser, Houston, Shafer, Gilliland, Davis, Bunton & McCollum, Lucius D. Bunton, Odessa, for appellants.

Richard D. Naylor, Pecos, for appellee.

OPINION

RAMSEY, Chief Justice.

This is an appeal from a summary judgment. This case is a companion case to our Cause Number 6191, styled Lasater et ux., et al., Appellants v. Franklin Life Insurance Company, Appellant, and the disposition of this case is controlled by our opinion, 471 S.W.2d 95, this day rendered in that case. With the exception of the matters hereinafter set forth, identical questions are presented by both appeals, both were briefed and orally argued by the same counsel and were argued jointly. However, the cases have not been consolidated, either in the trial Court or this Court so that it is necessary to make an independent disposition of each case.

The only differences in this case and cause number 6191 are the provisions in the note and deed of trust relating to attorney's fees and interest after maturity.

In this case, the note provides for "a reasonable attorney's fee". The deed of

trust securing the note provides "an attorney's fee in a sum equal to ten percent of the amount due thereunder * * *". Interest after maturity is provided in the note at ten percent per annum. The deed of trust, however, provides for eight percent. The Courts of this State having held the note as being the primary obligation, thus in construing conflicting provisions, the note will prevail on matters relating to the obligation. Neel v. Maurice, Tex.Civ. App., 223 S.W.2d 690 (n. w. h.); Smith v. National Bond & Mortgage Corporation, Tex.Civ.App., 150 S.W.2d 333 (n. w. h.); Bowman v. Rutter, 47 S.W. 52 (n. w. h.).

We therefore reverse the judgment of the trial Court and remand this cause for further proceedings in accordance with our opinion in Cause Number 6191.

Reversed and remanded.